UNITED STATES DISTRICT COURT　　　　　ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MIN LIU,

                 Plaintiff,　　　　　　　MEMORANDUM AND ORDER

      -against-　　　　　　　　　　　　　　08-CV-3358 (JG)

BANK OF AMERICA,

                 Defendant.
----------------------------------------------------------------x
A P P E A R A N C E S:

    STEVEN ROSENBERG
        200 Broadhollow Road, Suite 207
        Melville, NY 11747
        *Attorney for Plaintiff*

    STAGG, TERENZI, CONFUSIONE & WABNIK LLP
        401 Franklin Avenue, Suite 300
        Garden City, NY 11530
    By:   Andrew Scott Kazin
        *Attorneys for Defendant*

JOHN GLEESON, United States District Judge:

        Min Liu, the former owner of shares in a cooperative apartment building in Queens, brings this action against Bank of America, which held a mortgage on the shares, asserting claims of wrongful foreclosure and breach of contract. On Bank of America's motion for summary judgment, I now dismiss Liu's claims.

## BACKGROUND

        The facts as set forth by the defendant have not been disputed.[1] In May of 2005, Liu mortgaged her 217 shares in a cooperative apartment building in Queens to Bank of America

---

[1] Pursuant to a schedule requested by both sides, plaintiff's opposition to the pending motion was due on or before April 2, 2010. Plaintiff's counsel, however, did not file an opposition to the motion. Approximately one week before the argument, scheduled for April 23, my law clerk left a voicemail message with plaintiff's counsel asking if he intended to seek permission to file an opposition out of time. Counsel did not seek

to obtain a $98,000 loan.  She used the proceeds of the loan to purchase a supermarket in Massachusetts, and in September of 2005 moved to Salem, New Hampshire so she could manage the supermarket.  Liu's daughter lived in the Queens co-op apartment after that, but she knew nothing of the mortgage loan.

Liu never made a single mortgage payment.  After she missed the first four required payments, Zavetsky, Mendelsohn, Gross, Savino & Levy, LLP ("Zavetsky"), counsel to Bank of America, sent her a letter dated October 21, 2005 advising her that the bank would commence foreclosure proceedings unless she paid the full amount then due by October 31, 2005.  Liu failed to make the required payment.  Zavetsky sent her another letter on or about November 14, 2005, informing her that that the bank intended to sell her cooperative unit at a public auction on December 14, 2005 and that "ignor[ing] this letter . . . will result in a loss of your interest in the cooperative apartment."  On December 13th, Liu contacted Zavetsky to inquire how much she owed in connection with the defaulted loan.  At approximately 10:40 a.m. on December 14th, Zavetsky faxed Liu a letter detailing the sums owed.  At 11:45 a.m., Bank of America sold Liu's apartment at a public auction to the highest bidder for $112,500, approximately 80 percent of the appraised value of $142,000.  At approximately 12:15 p.m., Liu's husband arrived at the offices of Zavetsky with checks to cure her default, but the law firm refused to accept the payment.

---

leave to file a late opposition or return the call.  Despite the lack of opposition papers, counsel were directed to appear for the scheduled oral argument.  At that time, plaintiff's counsel cited "law office failure" as the reason for his noncompliance with the motion schedule.

Under Rule 56.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, facts set forth in the moving party's Rule 56.1 statement are deemed admitted unless they are specifically controverted by the nonmoving party's counterstatement.  By failing to file any papers in opposition to the motion, plaintiff has therefore admitted the facts as set forth by the defendant.

In fairness to his client, plaintiff's counsel is hereby directed to specifically inform her (in a manner she will understand despite the language barrier to which counsel referred at oral argument) of his law office failure, and to provide her with a copy of this opinion.  Counsel is directed to file an affidavit on or before May 7, 2010, specifically describing the means he employed to comply with this order.

DISCUSSION

Liu claims that that the foreclosure was wrongful and in bad faith because, first, Bank of America should have postponed the sale to give her an opportunity to cure her default or made the sale conditional on her failure to cure her default, and, second, because Bank of America sold the apartment at a price far below its fair market value. Liu also appears to claim that the letter Zavetsky faxed to her on the morning of the sale was a contract that promised her an opportunity to cure her default and thereby avoid or undo the impending foreclosure. She seeks $50,000 in compensatory damages and $500,000 in punitive damages.

A.  *Legal Standard*

Summary judgment is appropriate only when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). It is the moving party's burden to establish the absence of any genuine issue of material fact. *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003). In determining whether the moving party has succeeded, a court must "resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment." *Miner v. Clinton County*, 541 F.3d 464, 471 (2d Cir. 2008).

B.  *Analysis*

1.  *The Wrongful Foreclosure Claim*

Liu argues that the foreclosure was wrongful because Bank of America should have postponed the sale to give her an opportunity to cure her default or made the sale conditional on her failure to cure her default. New York's common law right of redemption does not, however, require mortgagees to postpone foreclosure sales to permit mortgagors to tender the amount owed. Instead, it "allows property owners to redeem their property by tendering the

full sum at any point *before* the property is actually sold at a foreclosure sale." *NYCTL 1999-1 Trust v. 573 Jackson Ave. Realty Corp.*, 13 N.Y.3d 573, 579 (2009) (emphasis added). Liu herself alleges that funds to redeem her cooperative shares were not presented to Zavetsky on her behalf until approximately thirty minutes after the foreclosure sale occurred. In addition, Liu does not identify any contractual obligation that would have required Bank of America to postpone the sale or execute it conditionally.

Liu also alleges that the foreclosure was commercially unreasonable because Bank of America sold the apartment for an amount "far below the fair market value." But "the fact that a greater amount could have been obtained by a collection, enforcement, disposition, or acceptance at a different time or in a different method from that selected by the secured party is not of itself sufficient to preclude the secured party from establishing that the collection, enforcement, disposition, or acceptance was made in a commercially reasonable manner." N.Y. U.C.C. Law § 9-627(a). To prevail on a claim that a sale was commercially unreasonable, a plaintiff must allege not merely that the property's fair market value exceeded the sale price, but that it did so by an amount that "shocks the court's conscience." *DeRosa v. Chase Manhattan Mortgage Corp.*, 782 N.Y.S.2d 5, 9 (1st Dep't 2004). Liu, however, concedes that her apartment was sold for 80 percent of its appraised value and does not dispute the accuracy of the appraisal. As a matter of law, an allegation that a mortgaged property was sold for 20 percent less than its fair market value price is insufficient to state a claim for commercially unreasonable foreclosure. *See, e.g.*, *NYCTL 1999-1 Trust v. NY Pride Holdings, Inc.*, 825 N.Y.S.2d 521, 522 (2d Dep't 2006) (holding that a sale for at least 50 percent of property's appraised value "was not so low as to shock the conscience of the court"); *DeRosa*, 782 N.Y.S.2d at 9 (dismissing a claim that a

foreclosure sale was commercially unreasonable where the plaintiff alleged only that the mortgaged property was sold for 45 percent of its market value).

2.  *The Breach of Contract Claim*

Liu's claim that the letter faxed to her by Zavetsky was a contract that promised her an opportunity to cure her default and thereby avoid foreclosure or its consequences also fails.  The letter, which Liu appended to her complaint, expressly stated: "Please note that this letter is sent to you without prejudice to any foreclosure proceedings, nor shall same constitute or be deemed a waiver of any of our client's rights . . . ."  In addition, the letter warned, "If a FC [foreclosure] sale date is scheduled and the funds are not received at the designated place of payoff prior to the date of the FC sale, the FC sale will continue to take place."  *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").  Even assuming that the letter could be construed to be a contract, its language precludes any reasonable interpretation that it restricted Bank of America's existing contractual and statutory rights to proceed with the foreclosure sale.

## CONCLUSION

The motion to dismiss for summary judgment is granted.

So ordered.

John Gleeson, U.S.D.J.

Dated: April 28, 2010
      Brooklyn, New York